Sean P. Nalty CA Bar No. 121253
sean.nalty@ogletree.com
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
One Embarcadero Center, Suite 900
San Francisco, CA 94111
Telephone: 415-442-4810
Facsimile: 415-442-4870

Benjamin W. Perry, *pro hac vice*
benjamin.perry@ogletree.com
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
401 Commerce Street, Suite 1200
Nashville, TN 37219
Telephone: 615-254-1900
Facsimile: 615-254-1908

Attorneys for Defendant Hobby Lobby Stores, Inc.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SALEEM ERAKAT, on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>HOBBY LOBBY STORES, INC., an Oklahoma corporation,<br><br>Defendant. | Case No. 4:26-cv-00323-HSG<br><br>**REQUEST FOR JUDICIAL NOTICE**<br><br>[*Filed concurrently with Motion to Dismiss with Prejudice; Memorandum of Points and Authorities in Support Thereof*]<br><br>Complaint Filed: January 12, 2026<br>Courtroom: 2<br>Judge: Haywood S. Gilliam, Jr.<br><br>Trial Date: None Set |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Pursuant to Fed. R. Evid. 201(b)(2), Hobby Lobby Stores, Inc. ("Hobby Lobby") hereby requests that the Court take judicial notice of the following:

**Exhibit A:** Hobby Lobby's Privacy & Terms, last updated June 30, 2023 and publicly available and accessible at https://www.hobbylobby.com/customer-service/privacy-terms.

**Exhibit B:** Copies of the Notice of Right to Opt Out screens when a user chooses to access Hobby Lobby's Privacy Preference Center, which is publicly available and accessible by clicking the "Do Not Sell or Share My Personal Information" link located on www.hobbylobby.com.

**Exhibit C:** Copies of the Strictly Necessary Cookies screens when a user chooses to access Hobby Lobby's Privacy Preference Center, which is publicly available and accessible by clicking the "Do Not Sell or Share My Personal Information" link located on www.hobbylobby.com.

**Exhibit D**: Copies of the Sale or Sharing of Personal Information screens when a user chooses to access Hobby Lobby's Privacy Preference Center, which is publicly available and accessible by clicking the "Do Not Sell or Share My Personal Information" link located on www.hobbylobby.com.

## I. LEGAL STANDARD

In deciding a motion to dismiss under Federal Rule of Civil Procedure 12, the court may consider documents incorporated into the complaint by reference or subject to judicial notice. *See Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018). Under the incorporation-by-reference doctrine, the Court may consider documents attached to or referenced in the complaint as well as documents that are "integral" to the plaintiffs' claims and whose authenticity "is not in question." *See Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010); *see also Khoja*, 899 F.3d at 1002 (acknowledging that documents may "form[] the basis of the plaintiff's claim" even "if the complaint does not mention the document at all"); *Garcia v. Enter. Holdings, Inc.*, 78 F. Supp. 3d 1125, 1136 (N.D. Cal. 2015) (considering privacy policy when Plaintiff alleged he "never consented" to the disclosure of his personal information); *Mai v. Supercell Oy*, 648 F. Supp. 3d 1130, 1138 n.3 (N.D. Cal. 2023) (considering Terms of Service, even though not explicitly referenced in complaint, because Terms of Service governed use of games upon which claims were based).

In addition, Federal Rule of Evidence 201 permits the Court to take judicial notice of an adjudicative fact if it is "not subject to reasonable dispute." Fed. R. Evid. 201(b). A fact is "not subject to reasonable dispute" if it is "generally known," or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(1)-(2). Proper subjects of judicial notice on a motion to dismiss include publicly accessible websites, including terms of service and privacy policies. *See In re Google Location Hist. Litig.*, 428 F. Supp. 3d 185, 189-90 (N.D. Cal. 2019) (granting judicial notice of publicly available websites, including privacy disclosures); *see also Parziale v. HP, Inc.*, 2020 WL 5798274, at *3 (N.D. Cal. Sept. 29, 2020) (granting judicial notice of online store).

## II. ARGUMENT

### A. Exhibits A-D are incorporated by reference into the First Amended Complaint.

Hobby Lobby's Privacy & Terms and related user-facing Privacy Preference Center disclosures are incorporated into the First Amended Complaint ("FAC") because Plaintiff includes the consent management banner directly in the FAC. Figures 9 and 13 of the FAC—captures that purport to show certain tracking technologies deployed on the Website—show the applicable consent management banner in its entirety. *See* ECF No. 27, Figure 9, 13. Furthermore, Figures 9 and 13 show that links to the Privacy & Terms and Privacy Preference Center (in the form of a link labeled "Cookie Settings") are presented prominently in the consent management banner. *Id.*

### B. Exhibits A-D are separately incorporated by reference because they are integral to Plaintiffs' claims.

Hobby Lobby's exhibits are also properly incorporated into the First Amended Complaint because Plaintiff's claims "depend" on them. *See Knievel v. ESPN*, 393 F.3d 1068, 1070-76 (9th Cir. 2005). Plaintiffs' claims are premised on lack of consent and purportedly undisclosed data collection and sharing practices. *See, e.g.*, FAC ¶¶ 17, 269, 276-77, 283, 289, 291, 304-05, 307, 314-15. These claims directly implicate the language in Hobby Lobby's Privacy & Terms and related Privacy Preference Center disclosures, which govern the relationship between Hobby Lobby and its users and set forth the company's data practices, including the method by which Plaintiff himself received notice of, and agreed to, Hobby Lobby's collection, use, and disclosure of his personal information. *See* Perry Decl., Exs. A-D.

### C. Judicial Notice of Publicly Available Policies and Terms.

In addition to incorporation by reference, these documents are publicly available and are capable of accurate and ready determination. Courts routinely take judicial notice of publicly available privacy policies and terms for this purpose. *See, e.g., Wallster, Inc. v. Redbubble, Inc.*, 2022 WL 17371051, at *1 n.1 (C.D. Cal. Oct. 21, 2022) (granting judicial notice of publicly available policies); *Google Location Hist.*, 428 F. Supp. 3d at 189-90 (granting judicial notice of publicly available privacy disclosures); *Letizia v. Facebook Inc.*, 267 F. Supp. 3d 1235, 1241-42 (N.D. Cal. 2017) (judicially noticing the version of Facebook's Statements of Rights and Responsibilities that was "in existence during the Class Period"); *In re Yahoo Mail Litig.*, 7 F. Supp. 3d 1016, 1025, 1028-29 (N.D. Cal. 2014) (judicially noticing Yahoo's Terms of Service and Privacy Policy "because they are aspects of a publicly accessible website").

The exhibits are available on publicly accessible websites and are therefore capable of accurate and ready determination. Fed. R. Evid. 201(b); *Matera v. Google, Inc*., No. 15-CV-04062-LHK, 2016 WL 8200619, at *5 (N.D. Cal. Aug. 12, 2016) (taking judicial notice of privacy policy available on publicly accessible website); *Yahoo Mail Litig.*, 7 F. Supp. 3d at 1024 (same); *see also* Perry Decl., Exs. A-D. The Court should, therefore, take judicial notice of Exhibits A-D.

## III. CONCLUSION

Pursuant to the doctrine of incorporation by reference and Federal Rule of Evidence 201, the Court should consider Exhibits A through D in ruling on Hobby Lobby's motion to dismiss.

DATED: June 5, 2026

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By /s/ Benjamin W. Perry
Sean P. Nalty
Benjamin W. Perry, *pro hac vice*

*Attorneys for Defendant Hobby Lobby Stores, Inc.*